## FRANK RITTER v. THE STATE.

1. On the trial of an indictment for malicious mischief by the tearing down and removal of a certain house, it was sufficient for the State to prove that the land on which the house stood did not belong to the defendant, but to the person alleged in the indictment to be the owner, and that the defendant entered upon the land and committed the offense charged. If the defense relied on was that the land belonged to a different person, by whose authority the defendant removed the house, that was matter to be established by the defendant.

2. The fact that the house was built by the defendant, or, that his wife claimed an interest in the land on which it stood, could neither justify nor excuse him for removing the house against the will of the person who held both the title and possession. If the defendant claimed rights in the property his recourse should have been to the courts of the State, and not to his own "strong hand."

3. In an indictment for malicious mischief to real estate, by the removal of a house therefrom, a description of the real estate as "the lands and premises constituting and composing the homestead" of the person alleged to be the owner is *held* to be sufficient; and it was not necessary, it seems, that the indictment should charge that the removal was without the consent of the owner. (Paschal's Digest, Article 2347.)

APPEAL from Panola. Tried below before the Hon. J. B. Williamson.

This case manifestly appears to be the result of family difficulties. The defendant was the son-in-law of W. F. Ball, the father of Taylor Ball, who was alleged in the indictment to be the owner of the premises. The land had belonged to W. F. Ball, and with his consent and assistance the defendant built and occupied the house for some two years. W. F. Ball conveyed the land to Taylor Ball, and differences seem to have arisen between the latter and the defendant. The defendant vacated the house, but continued to claim it as his, and went upon the land and removed it contrary to the remonstrances of Taylor Ball.

The defendant's wife testified in his behalf that he had paid

W. F. Ball for his assistance in building the house, and that she, the witness, claimed an interest in the land by inheritance from her deceased mother.

The indictment did not charge in direct terms that the house was removed without the consent of Taylor Ball, nor did it otherwise describe the land than as "the lands and premises constituting and composing the homestead of one Taylor Ball in said Panola county." The defendant moved to quash for want of sufficient averments in these respects; but the court overruled the motion, and he excepted. The State proved the value of the house to be one hundred dollars; but in their verdict against the defendant, the jury assessed his fine at only seventy-five dollars.

Being refused a new trial, the defendant appealed.

*Field & Booty*, for the appellant.—First—The indictment charges no offense against the laws of this State, and is not included in any of the provisions in regard to or defining malicious mischief, as contained in the Penal Code, from Art. 709 to 716, Oldham & White's Digest.

The attention of the court in this connection is specially called to the allegations contained in the indictment, from which it will be discovered that not one of the provisions of the Penal Code of this State, defining malicious mischief, is applicable to or will support the charge it contains.

Second—The facts in this case show that the house charged to have been removed, was erected upon the land of W. F. Ball, by the defendant Ritter, who was his son-in-law, by the consent of Ball, and that after its erection it was always claimed by defendant as his property, and that claim recognized by Wm. F. Ball, the then owner of the land; and that defendant always either controlled or occupied the house, claiming it as his property, until it was removed by him. And when he was in the act of removing it, and spoken to on the subject by Z. T. Ball, then a

XXXIII—39

minor, who claimed to own the land by gift from his father, W.
F Ball, the defendant then claimed that he had the right to move
the house, it being his property at all times previous. Therefore
it is respectfully submitted that if the house was built on the
land of W. F. Ball by his consent, at the expense and labor of
defendant, and ever remained under his control and management,
that it was not malicious mischief to remove it, nor was it any
injury to the real property of Z. T. Ball, (even if it was conceded
that the land on which the house was erected was owned exclusively
by him; ) for the court will see that the house was built for
defendant by defendant, with the aid of his father-in-law, and that
defendant paid his father-in-law for all the work done on said
house by him, in other work.

*John G. Boyle*, Assistant Attorney General, for the State.—
The indictment in this cause is framed according to the language
of Art. 2347, Paschal's Digest.

The statutory phrase, "malicious mischief," in our code, has a
generic significance, and pertains to a large class of specific
offenses, which are clearly defined in the several articles concern-
ing this misdemeanor.

In the indictment against Ritter, it is alleged, that he and
others, from whom on the trial, he claimed a severance, "did
willfully and mischievously injure the real property, to-wit: The
lands and premises constituting and composing the homestead of
one Taylor Ball," etc.

It will be seen that the allegation is made in accordance with
the very language of Art. 2347, as to the injuring of property,
real or personal, of any description whatever, not otherwise pro-
vided for by the code, and our courts have uniformly held that
when the indictment substantially charges an offense in the lan-
guage of the statute, it is sufficient.

By the provision of Art. 2864, Paschal's Digest, it is not

necessary to state anything in an indictment it is not necessary to prove. It was not incumbent upon the State to allege, that the defendant destroyed and removed the house in question without the consent of the owner, for that was a matter of defense, as the law presumes the injury was not done with his consent, and it devolved upon the defendant to repel the presumption.

OGDEN, J.—At the March term, 1869, of the District Court for Panola county, the appellant in this case was, with others, indicted for wilfully and maliciously tearing down and removing from the land of Taylor Ball, one house of the value of one hundred dollars, and at the April term of said court appellant claimed and obtained a severance from his co-defendants. He was placed upon trial, tried and convicted, and from the judgment of that court he has taken this appeal. On the trial below, defendant's counsel moved to quash the indictment for several reasons, which motion was overruled by the court, and we think there is no legal objection to the ruling. It was sufficient for the State to allege and prove that the land was not defendant's, but the property of Taylor Ball, and that the defendant entered upon the land and committed the offense charged; and it was a matter of defense to have proven that the land belonged to another person, and that he entered the premises and took down the house as charged, with the consent of the owner. (11 Texas, 368.) But in this case the State proved, not only the ownership and possession of the property to be in Taylor Ball, but that he forbade the removal of the house. We think the charge of the court on trial of the case in strict conformity with the law as applicable to the facts proven. The questions raised in the bills of exceptions and assignment of errors, if correctly settled, would be determined adversely to the defendant.

It is believed that the fact that defendant built the house which he is charged with pulling down, or that the wife of defendant

claimed an interest in the land on which the house was built, would in no wise excuse the criminal act of which he was convicted, since both the title and possession were in Taylor Ball.

If appellant or his wife had any right to the house or land, the courts of the country were open to them, in which to assert and maintain those rights; but as appellant has chosen to take the execution of law and justice, as he understands them, into his own hands, in violation of the rights of others, he ought to be assured that the courts will be sustained in bringing him to certain and deserved punishment. The judgment of the district court is therefore in all things affirmed.

Affirmed.